```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
EARL WILLIAMS,                                                   :
                                                                 :
                              Plaintiff,                         :
                                                                 :           23-cv-1455 (LJL)
              -v-                                                :
                                                                 :           MEMORANDUM AND
COMMISSIONER OF SOCIAL SECURITY,                                 :                ORDER
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/23/2024

LEWIS J. LIMAN, United States District Judge:

Defendant the Commissioner of Social Security ("Defendant") moves for an order dismissing the complaint of Plaintiff Earl Williams ("Plaintiff"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for either lack of subject matter jurisdiction or failure to state a claim for relief or, in the alternative, pursuant to Federal Rule of Civil Procedure 56, granting it summary judgment. Dkt. No. 15.

For the following reasons, the motion for summary judgment is granted.

## BACKGROUND

The following facts are drawn from Defendant's statement of undisputed facts pursuant to Local Civil Rule 56.1 and the materials submitted by the *pro se* Plaintiff as part of the complaint, and are taken as true for purposes of this motion.[1]

---

[1] Local Civil Rule 56.1(a) requires the moving party to submit a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civ. R. 56.1(a). The non-moving party must, in response, submit a "correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local Civ. R. 56.1(b). "If the opposing party . . . fails to controvert a fact set forth in the movant's Rule 56.1 statement, that fact will be deemed admitted

Plaintiff is a recipient of Social Security benefits.  He began receiving Social Security disability benefits effective October 2003.  Dkt. No. 14 ¶ 1.  He became entitled to receive surviving divorced spouse benefits effective March 2013 on the record of his deceased ex-spouse.  *Id.* ¶ 2.[2]  Plaintiff received disability benefits on his own record and surviving divorced spouse benefits on the record of his deceased ex-spouse from separate trust funds during the period of March 2013 through April 2017.  *Id.* ¶ 3.  By Notice dated April 3, 2017, Plaintiff was advised by the Social Security Administration ("SSA") that he was no longer entitled to disability benefits because he had reached full retirement age, that he would begin receiving retirement benefits in April 2017, and that his monthly benefit amount would be adjusted due to his entitlement to benefits on another record.  *Id.* ¶ 4.  Plaintiff began receiving combined surviving divorced spouse benefits and retirement benefits in April 2017.  *Id.* ¶ 5.

On March 5, 2018, Plaintiff filed a Request for Reconsideration, stating that he had not been paid the correct monthly benefits and that he was due retroactive benefits on his deceased divorced spouse's account.  *Id.* ¶ 6.  SSA responded to Plaintiff with a letter advising Plaintiff

---

pursuant to the local rule."  *Freedom Mortg. Corp. v. Heirs*, 2020 WL 3639989, at *1 n.1 (S.D.N.Y. July 6, 2020) (quoting *Baity v. Kralik*, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014)).  This rule also applies to *pro se* litigants.  *Id.*  Plaintiff in this action did not file a response to Defendant's Local Rule 56.1 statement.  "Accordingly, the Court may conclude that the facts in [Defendant's] 56.1 Statement are uncontested and admissible."  *Heirs*, 2020 WL 3639989, at *1 n.1; *see also Brandever v. Port Imperial Ferry Corp.*, 2014 WL 1053774, at *3 (S.D.N.Y. Mar. 13, 2014).  "Nevertheless, in light of the special solicitude afforded to *pro se* litigants when confronted with motions for summary judgment, the Court will in its discretion opt to conduct an assiduous review of the record when deciding the instant [m]otion."  *Heirs*, 2020 WL 3639989, at *1 n.1 (cleaned up); *see also Allah v. Annucci*, 2020 WL 3073184, at *1 n.1 (S.D.N.Y. June 10, 2020) (same); *Houston v. Teamsters Loc. 210, Affiliated Health & Ins. Fund-Vacation Fringe Ben. Fund*, 27 F. Supp. 3d 346, 349 (E.D.N.Y. 2014) ("Although plaintiffs did not file a Rule 56.1 statement, the Court has independently reviewed the record to ensure that there is uncontroverted evidence to support the paragraphs referenced in defendants' Rule 56.1.").
[2] Surviving divorced spouse benefits are awarded under Title II of the Social Security Act (the "Act").  *See* 42 U.S.C. § 402(f).

that he should have been paid surviving divorced spouse benefits at a reduced rate, and that he had therefore been overpaid $1,596 in benefits. *Id.* ¶ 7. The letter advised Plaintiff that he could either appeal or request waiver of the overpayment. *Id.* There is no record of Plaintiff ever appealing or requesting waiver of the overpayment amount. *Id.* ¶ 8.

On December 17, 2018, Plaintiff filed an additional Request for Reconsideration, stating that he had not been paid the correct amount of surviving divorced spouse benefits. *Id.* ¶ 9. On March 30, 2019, SSA issued a Notice of Reconsideration and Reconsideration Determination, advising that the agency had determined that Plaintiff's surviving divorced spouse benefits had not been properly calculated upon Plaintiff's conversion to retirement benefits, and that Plaintiff had been entitled to an additional $1,922.00 in benefits. *Id.* ¶¶ 10–11. The Reconsideration Determination advised Plaintiff that a retroactive check for $1,922.000 had been issued to him and that Plaintiff was currently receiving the correct benefit amount and all benefits due had been paid. *Id.* ¶ 11. The Reconsideration Determination advised Plaintiff that if he disagreed with the determination, he could request a hearing before an Administrative Law Judge within sixty days of his receipt of the Notice of Reconsideration. *Id.* ¶ 12.

Plaintiff filed a Request for a Hearing by Administrative Law Judge on April 4, 2019, *id.* ¶ 13, and a second Request for a Hearing on April 22, 2019, *id.* ¶ 14.

On February 21, 2023, Plaintiff filed this complaint under Sections 205(g) and 1631(c)(3) of the Act. Dkt. No. 1. Plaintiff complained that he had been denied his correct divorced spouse benefits for over a decade and that he had applied for hearings in 2019 but his requests had not been answered and he had yet to receive the benefits owed to him. *Id.* at ECF p. 5. He noted that he had received two letters from SSA on March 15, 2021, with two different full monthly Social Security benefits before any deductions. *Id.* He also stated that he had been interviewed

3

by phone from the North Bronx SSA office and had been informed that the office was working on his case but that he still had gone years without being paid his correct benefits. *Id.*

The request for a hearing was finally transferred to the Office of Hearing Operations on May 10, 2023. *Id.* ¶ 15. On May 11, 2023, the Bronx Hearing Office scheduled a hearing for September 7, 2023 at 2:00 p.m. *Id.* ¶ 16. The Bronx Hearing Office sent Plaintiff a notice dated June 12, 2023, advising that his administrative hearing had been scheduled for September 7, 2023 at 2:00 p.m. *Id.* ¶ 17.

Plaintiff has advised that he appeared for the hearing in person on September 7, 2023, but that no one else was present. Dkt. No. 17.

The Government has advised that on January 16, 2024, the SSA's Office of Hearing Operations ("OHO") issued an unfavorable decision on Plaintiff's case, but his claim is still not yet exhausted. Dkt. No. 19.

**PROCEDURAL HISTORY**

The complaint in this action was filed on February 21, 2023. Dkt. No. 1. On June 15, 2023, Defendant filed this motion to dismiss or for summary judgment. Dkt. No. 15. Defendant also filed a Rule 56.1 statement, Dkt. No. 14, and a memorandum of law in support of the motion, Dkt. No. 10, as well as notices to the *pro se* litigant pursuant to Local Civil Rule 12.1, Dkt. No. 11, and Local Civil Rule 56.2, Dkt. No. 12.[3] Defendant filed a certificate of service, reflecting that the motion papers were mailed to Plaintiff by certified mail at the address provided to the Court. Dkt. No. 16. On October 11, 2023, Plaintiff sent a letter to the Court updating the Court on developments in his case before the SSA. Dkt. No. 17. On February 1,

---

[3] Defendant also filed two declarations in support of the motions. Dkt. Nos. 8, 9. Defendant originally attempted to file the motion to dismiss or for summary judgment on June 14, 2023, but it was rejected for a filing error. Dkt. No. 7.

4

2024, the Court issued an order directing the parties to inform it by February 15, 2024, of the status of the case and what action, if any, was requested of the Court. Dkt. No. 18. The notice was mailed to Plaintiff on February 5, 2024. Feb. 5, 2024 Minute Entry. The Government responded on February 14, 2024. Dkt. No. 19. As of the date of this Memorandum and Order, Plaintiff has not responded.

## DISCUSSION

Defendant moves for an order granting summary judgment under Rule 56 and dismissing this case, without prejudice to a challenge by Plaintiff to any future agency action, for Plaintiff's failure to exhaust administrative remedies.[4]

SSA and its Commissioner are arms of the federal government and are protected from suit by the doctrine of sovereign immunity, except where they have consented to being sued. *See Eichie v. Kuakazi*, 2023 WL 1438327, at *3 (S.D.N.Y. Feb. 1, 2023). Congress waived SSA's immunity from suit in Section 205(g) of the Act, 42 U.S.C. § 405(g). That section authorizes judicial review in cases arising under Title II of the Act, as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). "This provision clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The review available under Section 205(g) is exclusive:

---

[4] Defendant brings its motion alternatively for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and for summary judgment under Federal Rule of Civil Procedure 56. Defendant does not dispute that Plaintiff has presented his claim to the SSA. Although the matter is not free from dispute, the Second Circuit has suggested the appropriate disposition in these circumstances is under Rule 56 and not under Rule 12. *See Escalera v. Comm'r of Social Sec.*, 457 F. App'x 4, 5 n.1 (2d Cir. 2011).

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided. No Action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). In particular, "[t]he Act . . . makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits." *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988).

Under Section 205(g), an individual must obtain a "final decision of the Commissioner of Social Security" (the "Commissioner") before a district court can review a Social Security benefits determination. "The requirement of a 'final decision' has two components: (1) a jurisdictional, non-waivable requirement that a claim for benefits has been presented to the agency, and (2) a waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted." *Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 5–6 (2d Cir. 2011) (citing *Bowen v. City of N.Y.,* 476 U.S. 467, 483 (1986); *Mathews v. Eldridge,* 424 U.S. 319, 328 (1976)). In *Escalera*, the Second Circuit described the four-stage process a claimant must follow to exhaust administrative remedies before bringing a claim to federal court:

> First, a claimant files an application for benefits and receives an initial determination. 20 C.F.R. § 404.902. Second, if a claimant is dissatisfied with the initial determination, he may seek reconsideration by filing a written request within 60 days. 20 C.F.R. §§ 404.907, 404.909(a)(1). The reconsideration determination is binding unless a claimant requests a hearing before an administrative law judge ("ALJ") within 60 days of receiving notice of the reconsideration determination. 20 C.F.R. §§ 404.921(a), 404.933(b)(1). If the claimant is dissatisfied with the ALJ's hearing decision, he may request review by the Appeals Council within 60 days of receiving notice of the hearing decision. 20 C.F.R. §§ 404.967, 404.968(a)(1). A claimant may seek an extension of time of any of these deadlines by showing good cause. *See* 20 C.F.R. §§ 404.909(b), 404.933(c), 404.968(b). The Appeals Council's decision is considered final, and a claimant may seek judicial review of that decision in district court.

457 F. App'x at 6.

"In limited circumstances, the exhaustion requirement can be waived." *Eichie*, 2023 WL

6

1438327, at *6.  Exhaustion "may be waived either by the [Commissioner] or, in appropriate circumstances, by the courts."  *City of New York v. Heckler*, 742 F.2d 729, 736 (2d Cir. 1984).  A court may waive the exhaustion requirement when "a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgement is inappropriate." *Mathews v. Eldrige*, 424 U.S at 329.  In the context of social security benefits, the court should consider: "(1) whether the claim is collateral to a demand for benefits; (2) whether exhaustion would be futile; and (3) whether the plaintiffs would suffer irreparable harm if required to exhaust their administrative remedies before obtaining relief."  *Abbey v. Sullivan*, 978 F.2d 37, 44 (2d Cir. 1992).  When determining whether exhaustion should be waived, "[n]o one element is critical to the resolution of the [exhaustion] issue; rather, a more general approach, balancing the competing considerations to arrive at a just result, is in order."  *New York v. Sullivan*, 906 F.2d 910, 918 (2d Cir. 1990).

   Plaintiff has satisfied the jurisdictional, non-waivable requirement for Section 205(g) by presenting his claim to the agency.  *See Escalera*, 457 F. App'x at *6.  However, he has not satisfied the non-jurisdictional requirement that he exhaust administrative remedies.  In particular, while he has requested and had a hearing, he has not taken an appeal to the Appeals Council.  20 C.F.R. §§ 404.981, 422.210.  "A determination is only final after the Appeals Council has denied review or decided the case after review.  20 C.F.R. § 404.981.  It is at that point that there is a final decision subject to judicial review under 42 U.S.C. § 405(g)."  *Mathews v. Chater*, 891 F. Supp. 186, 188 (S.D.N.Y. 1995), *aff'd sub nom. Matthews v. Chater*, 101 F.3d 681 (2d Cir. 1996); *see Iwachiw v. Massanari*, 125 F. App'x 330, 331 (2d Cir. 2005); *Perez v. Apfel*, 22 F. App'x 67 (2d Cir. 2001).

   The Acting Commissioner has not waived exhaustion nor has Plaintiff established that he

should be excused from exhaustion. Although the SSA's delay in granting Plaintiff a hearing is regrettable, Plaintiff has now had that hearing. Plaintiff's claim is not collateral. A claim is collateral to claims for benefits if the plaintiff "neither sought nor [is] awarded benefits in the District Court." *Bowen*, 476 U.S. at 483; *see Jones v. Califano*, 576 F.2d 12, 18 (2d Cir. 1996) (deeming constitutional challenge to the SSA's policy of reviewing claims collateral to claim for benefits). But, here, Plaintiff seeks an award of benefits. Nor would exhaustion of remedies be futile. "A final agency decision and developed written record would ensure a more complete review in federal court." *Escalera*, 457 F. App'x at *6–7. Finally, Plaintiff has not demonstrated he would not suffer irreparable harm if required to exhaust his administrative remedies. Irreparable harm is a high bar "where the harm suffered in the interim would be irreparable in the sense that no *post hoc* relief would be adequate." *Smith v. Schweiker*, 709 F.2d 777, 780 (2d Cir. 1983). Generally, irreparable harm can be established when, for example, the termination or denial of benefits would subject a plaintiff to deteriorating physical health. *See Eldridge*, 424 U.S. at 331 (claimant must raise "at least a colorable claim that because of his physical condition and dependency upon the disability benefits, an erroneous termination would damage him in a way not recompensable through retroactive payments"); *Abbey*, 978 F.2d at 46 (concluding that "waiver may be appropriate" where "the delay attending exhaustion would subject claimants to deteriorating health"). Plaintiff makes no such claim here.

To the extent that Plaintiff's complaint could be read to request the remedy of a writ of mandamus, he had failed to show that "no other adequate remedy" is available to him. *Escalera*, 457 F. App'x at *7; *see Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear

nondiscretionary duty."). Plaintiff cannot maintain a claim for damages for a constitutional violation against the SSA or its officers because, as stated above, the Supreme Court has interpreted the Act to preclude a damages claim against the Commissioner for alleged constitutional violations caused by the denial of benefits. *Schweiker v. Chilicky*, 487 U.S. at 424–29. A claim for negligence is not available to Plaintiff for the additional reason that he has not satisfied the exhaustion requirements of the Federal Tort Claims Act, "the exclusive avenue by which a claimant may sue the [federal] government or its agents in tort for money damages." *Okocha v. Disman*, 2012 WL 6860892, at *13 (S.D.N.Y. Oct. 1, 2012), *report and recommendation adopted*, 2013 WL 163834 (S.D.N.Y. Jan. 15, 2013).

## CONCLUSION

Defendant's motion for summary judgment is GRANTED and this case is dismissed for failure to exhaust administrative remedies, without prejudice to Plaintiff filing a new action after such remedies have been exhausted.

The Clerk of Court is respectfully directed to close Dkt. No. 15.

SO ORDERED.

Dated: February 23, 2024
      New York, New York

                                   LEWIS J. LIMAN
                                 United States District Judge